Filed 6/6/14  P. v. Perez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.  d**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064821 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN309800) |
| CAMILO RUIZ PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Patrick Morgan Ford, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Defendant Camilo Ruiz Perez's appointed appellate counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  We affirm the judgment.

INTRODUCTION

At the June 14, 2013 arraignment hearing, Perez─assisted by counsel and a Spanish language interpreter─initialed and signed a guilty plea form indicating that, in exchange for a 12-year stipulated prison term, he was pleading guilty to one count of voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)) and admitting an allegation that in committing the offense he personally used a deadly or dangerous weapon (an automobile) within the meaning of section 12022, subdivision (b)(1). Perez admitted as the factual basis for his guilty plea that he "unlawfully and without malice kill[ed] Joaquin Ruiz Perez" and he "personally used a dangerous or deadly weapon during the course of the manslaughter, to wit: a motor vehicle."

The court advised Perez, who again was assisted by counsel and a Spanish language interpreter, of his constitutional rights and the potential consequences of his plea, including the possible immigration consequences of the plea, and obtained Perez's waivers of his rights. Perez pleaded guilty to one count of voluntary manslaughter and admitted the enhancement allegation. The court accepted the plea, finding Perez voluntarily and intelligently waived his constitutional rights, and he understood the consequences of his plea.

Thereafter, the court sentenced Perez to the stipulated term of 11 years in state prison for the voluntary manslaughter conviction, plus a one-year consecutive term for his admission of the enhancement allegation, for a total prison term of 12 years. The

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

court awarded a total of 409 days of credit for time served, and imposed a $3,360 restitution fine (§ 1202.4, subd. (b)), a suspended restitution fine in the same amount under section 1202.45, a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and a $154 criminal justice administration fee (Gov. Code, § 29550.1).

## FACTUAL BACKGROUND[2]

On September 2, 2012, after Perez, his brother Joaquin Ruiz Perez (the victim), and a friend drank beer and played basketball at a school, Perez and his brother started arguing after more drinking. That evening San Diego County Sheriff's Department deputies were dispatched to the scene of a hit-and-run incident reported by Perez. When they arrived on the scene, they found Joaquin dead on the sidewalk. The autopsy report later showed that Joaquin's injuries were consistent with his having been struck on the right side by a vehicle. Perez told the deputies he had not witnessed the incident and he did not know the deceased.

The next day, a sheriff's deputy interviewing Joaquin's family recognized Perez. Later, an eyewitness told the police he had seen a red Dodge pickup truck with a ladder rack swerve twice toward a pedestrian. Sheriff's deputies went to the apartment complex where Perez lived, located a red Dodge pickup truck with a ladder rack, and determined it was registered to Perez. Perez later surrendered and said, "The accident, it's my fault."

---

2    As Perez entered a guilty plea before a preliminary hearing was held in this matter, the following factual background is derived from the post-plea probation report, which was based primarily on the police report.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as possible, but not arguable, issues: (1) Did the court make the necessary advisements and obtain the required waivers before accepting Perez's guilty plea? and (2) did the court grant Perez the proper time credits and properly impose the fines and penalties?

We granted Perez permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue. Perez has been represented adequately by appellate counsel.

## DISPOSITION

The judgment is affirmed.


NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


AARON, J.

4